**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARK MARVIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-3084 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus.  The application will be granted, and the petition will be dismissed.

Petitioner challenges the criminal charges against Jennifer Leigh Ryan, who allegedly "appeared . . . in Washington[,] D.C., on January 6, 2021 in furtherance of her Constitutionally secured right to peacefully assemble and petition the government for redress of grievances[.]" Pet. ¶ 1.  "Following plea, [Ryan] was sentenced to [a jail term of] sixty . . . days[.]"  *Id.* ¶ 2. According to petitioner, "[t]he government has failed to make out a *prima facie* case that [Ryan] did anything illegal," *id.* ¶ 7, and the "Indictments are jurisdictionally defective and facially predicated on a bad faith attempt to criminalize the First Amendment," *id.* ¶ 8.  Petitioner demands Ryan's release from custody, among other relief.  Pet. at 4 (page number designated by CM/ECF).

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'"  *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009).  "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue."  *Comm. on Judiciary*

*of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted).  A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Missing from the petition are any factual allegations establishing that petitioner sustained (or is likely to sustain) an injury resulting from the criminal charges against another individual for that individual's actions on or any other event occurring on January 6, 2021.  Because petitioner fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction over his claim.

Furthermore, the Court notes that a "writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority.  28 U.S.C. § 2241(c).  A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240 (1963) (finding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other non-confinement restraints on liberty, such the inability to "come and go as she or he pleases," as when a person is released on bail or on his own recognizance before trial, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351-53 (1973) (holding that petitioner released on own recognizance pending appeal was "in custody" for purpose of habeas).  Nothing in the petition suggests that petitioner currently is incarcerated, or is a probationer or parolee, or is otherwise restrained.  Consequently, it does not appear that petitioner meets the "in custody" requirement.

For the reasons stated above, the Court will grant petitioner's motion to proceed *in forma pauperis* and dismiss the petition and this civil action.  A separate order will issue.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: November 24, 2021